IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| REGINALD BROOME and CHRIS SALSMAN, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS and CONTINENTAL AMERICAN INSURANCE COMPANY, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. 19-1967 (MN) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM OPINION

Gary W. Aber, LAW OFFICES OF GARY W. ABER, Wilmington, DE – Attorney for Plaintiffs

F. Troupe Mickler IV, ASHBY & GEDDES, P.A., Wilmington, DE; R. Steven Ensor, Brooks A. Suttle, ALSTON & BIRD LLP, Atlanta, GA – Attorneys for Defendants.

August 12, 2020
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

On September 12, 2019, Plaintiffs Reginald Broome ("Broome") and Chris Salsman ("Salsman") (collectively "Plaintiffs") filed a Complaint in the Court of Chancery of the State of Delaware seeking an order vacating a June 14, 2019 arbitration award ("the Award"). (*See* D.I. 1 at Ex. A [Chancery Court Complaint]). On October 16, 2019, Defendants American Family Life Assurance Company of Columbus ("Aflac") and Continental American Insurance Company ("CAIC") (collectively "Defendants") removed this action from the Court of Chancery to this Court. (D.I. 1).

Presently before the Court is Defendants' motion pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure seeking to dismiss the Complaint for insufficiency of service of process and for failure to serve the Complaint within the statutory time limit required by Section 12 of the Federal Arbitration Act ("FAA"). For the reasons discussed below, the Court will GRANT Defendants' motion.

**I.      BACKGROUND**

Plaintiffs are former independent contractor insurance agents who contracted with the defending insurance companies to sell insurance products. (D.I. 1-1 ¶¶ 12, 18). In March of 2008, Plaintiff Broome entered an Associate's Agreement with Defendants. (*See* D.I. 1-1 ¶ 16). In January of 2009, Plaintiff Salsman also entered an Associate's Agreement with Defendants. (*See* D.I. 1-1 ¶ 15). The Associate's Agreements, which set forth the terms and conditions of Plaintiffs' independent contractor relationship with Defendants, contain an arbitration provision specifying that any disputes between the parties will be submitted to binding arbitration. (D.I. 1-1 ¶ 87; D.I. 6-1, Ex. B ¶ 10, Ex. C ¶ 10). The parties agree that the arbitration provision requires that any arbitration proceeding between Plaintiffs and Defendants be covered by, and conducted

pursuant to, the FAA. (See D.I. 6-1, Ex. B ¶10.2, Ex. C ¶ 10.2; D.I. 10 (referencing the FAA throughout)). The arbitration was to be binding and conclusive. (D.I. 1-1 ¶ 87).

After a dispute arose, Plaintiffs and Defendants participated in an arbitration proceeding before a three-arbitrator panel. (D.I. 1-1, ¶¶ 87-103). At the commencement of the arbitration proceeding, all of the parties and the arbitrators executed an Amended Scheduling Order, which guided the arbitration process. The parties participated in a five-day arbitration hearing in Philadelphia, Pennsylvania from April 30, 2018 through May 4, 2018. (D.I. 1-1 ¶ 94). On June 14, 2019, the arbitrators issued the Award, finding in favor of Defendants and dismissing Plaintiffs' claims. (D.I. 1-1 ¶ 103). Thereafter, on September 12, 2019, Plaintiffs filed their Complaint in the Court of Chancery of the State of Delaware. According to the Chancery Court docket, that court issued the summons on September 13, 2020 and Plaintiffs filed their return of service on September 27, 2019. (*See* D.I. 6-1 at 2). On October 16, 2019, Defendants removed this action from the Court of Chancery to this Court. (D.I. 1). A week later, Defendants filed their motion to dismiss. (D.I. 5).

## II.     LEGAL STANDARD

"Rule 12(b)(5) requires the Court to dismiss any case in which service of process was insufficient." *Hardwire, LLC v. Zero Int'l, Inc.*, No. 14-54 (LPS)(CJB), 2014 WL 5144610, at *14 (D. Del. Oct. 14, 2014) (citing Fed. R. Civ. P. 12(b)(5)). "When a Rule 12(b)(5) motion is filed, 'the party asserting the validity of service bears the burden of proof on that issue.'" *Id. (citing Tani v. FPL/Next Era Energy*, 811 F.Supp.2d 1004, 1025 (D. Del. 2011)); *see also Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir.1993)).

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pleaded factual allegations in the complaint as true and view them in the light most favorable to the

plaintiff(s). *See Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010); *see also Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232-33 (3d Cir. 2008). "[A] court need not 'accept as true allegations that contradict matters properly subject to judicial notice or by exhibit,' such as the claims and the patent specification." *Secured Mail Sols. LLC v. Universal Wilde, Inc.*, 873 F.3d 905, 913 (Fed. Cir. 2017) (quoting *Anderson v. Kimberly-Clark Corp.*, 570 F. App'x 927, 931 (Fed. Cir. 2014)). Dismissal under Rule 12(b)(6) is only appropriate if a complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

### III.   DISCUSSION

#### A.   Subject Matter Jurisdiction

The majority of Plaintiffs' answering brief is spent arguing that this Court lacks subject matter over this dispute. The parties agree that the FAA does not confer federal question jurisdiction over an action to vacate an arbitration award. The question is whether the Court has jurisdiction based on diversity.

Diversity jurisdiction exists when the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the suit is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). Here, the parties do not dispute that the diversity citizenship requirements are met. Plaintiffs, however, argue that the amount in controversy is less than $75,000 because the Award was in favor of Defendants, and thus "award[ed] $0." (D.I. 10 at 18). Defendants disagree, contending that the amount in controversy in a motion to vacate an arbitration award is determined by the total financial consequences if the arbitration award is vacated. (D.I. 13 at 6-7).

The Court agrees with Defendants. As the Third Circuit has held, "the amount in controversy in a petition to compel arbitration or appoint an arbitrator is determined by the underlying cause of action that would be arbitrated." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877 (3d Cir. 1995). Here, Plaintiffs appear to have claimed millions of dollars in damages in the arbitration. (*See* D.I. 1-2 at 5-6). The amount at issue is thus greater than $75,000. The Court has jurisdiction under § 1332.

### B. Venue

Plaintiffs argue that, pursuant to Sections 9 and 10 of the FAA, this action should have been brought in the Eastern District of Pennsylvania. (D.I. 10 at 19-20). Venue is a waivable issue. Here, it was Plaintiffs who chose Delaware as a forum, not Defendants, and Plaintiffs have cited to no authority suggesting that they may complain of their chosen venue.[1]

### C. Service of the Complaint

There is no dispute that the arbitration proceeding between Plaintiffs and Defendants as well as the right to seek to vacate the arbitrators' Award are governed by the FAA. The FAA contains statutory requirements for both the time period within which an action to vacate an arbitration award must be commenced and the manner by which service must be made. Section 12 of the FAA provides that "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. Section 12 also provides that when, as here, the defendants are not residents of the state in which the action is filed: "the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court." (*Id.*). Here, Plaintiffs failed to meet the FAA's statutory requirements with

---

[1] Defendants have explicitly waived any objection to venue. (D.I. 13 at 9).

respect to both the manner in which they attempted to serve Defendants and the time within which they were required to serve the Complaint.

First, as to the manner of service, it is undisputed that Defendants are "nonresidents" and that Plaintiffs did not serve either of Defendants via the United States Marshals Service.[2]  Instead, Plaintiffs suggest that the service rules are "flexible" and that the Court may allow Plaintiffs to remedy service defects.  (*See e.g.*, D.I. 10 at 16).  Plaintiffs, however, offer no reason as to why they were unable to serve Defendants in the manner prescribed by the FAA, or why it would otherwise be unfair or unduly burdensome to hold them to the FAA's statutory service requirements.  *See PTA-FLA, Inc. v. ZTE USA, Inc.*, No. 3:11-CV-510-J-32JRK, 2015 WL 12819186, at *8 (M.D. Fla. Aug. 5, 2015), *aff'd*, 844 F.3d 1299 (11th Cir. 2016) ("ZTE USA has not identified any reason why it did not attempt to serve the objectors by marshal or could not do so now.  Absent some exigency not present here, the Court cannot excuse the failure to comply with [the FAA's service-by-marshal requirement]."[3]).

Absent a compelling explanation, courts have found the language of § 12 clear and enforced its requirements.  *See Shaut v. Hatch*, No. 1:18 CV 420, 2018 WL 3559081, at *2 (N.D.

---

[2]  Plaintiffs served Defendants through the Delaware Department of Insurance. (*See* D.I. 10-1 at 2).

[3]  The Court in *PTA-FLA* referenced 9 U.S.C. § 9, which provides that "[i]f the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court."  Here, Plaintiffs filed an action seeking to vacate an arbitration award pursuant to section 12 of the FAA, which has a three-month limitations period.  As the *PTA-FLA* court recognized, the timing provisions of § 9 and § 12 are different.  *PTA-FLA*, 2015 WL 12819186, at *8 n.12 (comparing 9 U.S.C. § 9 ("[A]t any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award . . . .") with 9 U.S.C. § 12 ("Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered.")).

Ohio July 24, 2018) (citing *PTA-FLA, Inc.*, 2015 WL 12819186, at *8 (service by private process server insufficient); *Eagle Energy, Inc. v. United Mine Workers*, 177 F.R.D. 357, 359 (S.D. W.Va. 1998) (notice of motion by mail insufficient)); *see also Logan & Kanawha Coal Co., LLC v. Detherage Coal Sales, LLC*, 789 F. Supp. 2d 716, 722 (S.D. W. Va. 2011) ("service on a nonresident . . . should be effected by the U.S. Marshals Service"); *Nu-Best Franchising, Inc. v. Motion Dynamics, Inc.*, No. 805CV507T27TGW, 2006 WL 1428319, at *3 (M.D. Fla. May 17, 2006) (holding under 9 U.S.C. § 12 that "[p]laintiffs were required to serve notice through the United States Marshal" on nonresident defendant). This Court will follow suit and determine that, in these circumstances, Plaintiffs' non-compliance with the service requirements of § 12 merits dismissal of the action.

Second, as to the timing of service, Defendants assert that Plaintiffs served Defendants on September 27, 2019 – more than three months after the June 14, 2019 Award was issued by the arbitrators. (*See* D.I. 6 at 3). Plaintiffs counter that "service was properly accomplished in the Delaware Court of Chancery on September 19, 2019." (D.I. 10 at 17). The discrepancy between Plaintiffs' asserted date and the date for return of summons on the Court of Chancery docket appears to be because, as nonresident insurers operating in Delaware, Defendants are subject to the Delaware Insurance Code, including its procedures for service of process in a legal proceeding. Under Delaware law, Defendants can only properly be served with legal process via service upon the Delaware Insurance Commissioner, which will then mail the process to Defendants' registered agent in the state. *See* 18 Del. C. §§ 524, 525. Under Delaware law, service upon a nonresident insurer is not complete until three days after the process is mailed by the department of insurance to the insurer. *See* 18 Del. C. § 525 ("Upon such service the Commissioner shall forthwith mail by certified mail 1 of the copies of such process to the person currently designated by the insurer

6

to receive the same as provided in § 524(e) of this title."). Thus, it appears that Defendants were not deemed served on September 19, 2020 as Plaintiffs assert. That is the date on which the Complaint was served on the Commissioner. (D.I. 10-1 at 2). But in any event, even if the Court were to accept Plaintiffs' proffered September 19, 2019 service date, that date is still more than three months after the June 14, 2019 Award being challenged was issued.

"A party to an arbitration award who fails to comply with the statutory precondition of timely service of notice forfeits the right to judicial review of the award." *Kelly v. MBNA Am. Bank*, No. CIV.A.06 228 JJF, 2007 WL 1830892, at *4 (D. Del. June 25, 2007), on reconsideration, No. CIV.A. 06-228-JJF, 2007 WL 4233671 (D. Del. Nov. 29, 2007) (quoting *Pfannenstiel v. Merrill Lynch, Pierce, Fenner & Smith*, 477 F.3d 1155, 1158 (10th Cir.2007)).

## IV.     CONCLUSION

Plaintiffs failed to meet the FAA's statutory requirements with respect to both the manner in which they attempted to serve Defendants and the time within which they were required to serve the Complaint. They cannot do so now and thus amendment is futile. Defendants' motion to dismiss Plaintiffs' Complaint with prejudice will be granted. A separate order will be issued.